No. 01-834

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 92

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

ROWDY DANE ANDERSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Carl B. Jensen, Jr., Office of Public Defender, Great Falls, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney; Susan L. Weber, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  March 21, 2002

Decided:  May 7, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Rowdy Dane Anderson (Anderson) appeals from the Dispositional Order entered by the Eighth Judicial District Court, Cascade County, revoking his suspended sentence and sentencing him to 10 years with the Department of Corrections with 6 years suspended. We affirm in part and remand.

¶2     We address the following restated issues:

¶3     1.  Did the District Court err in finding Anderson had violated the terms and conditions of his suspended sentence and in revoking that sentence?

¶4     2.  Did the District Court err in failing to enter findings of fact regarding the sentence imposed on Anderson upon revocation of his suspended sentence?

BACKGROUND

¶5     In February of 1997, the State of Montana (State) filed an information charging Anderson with two counts of felony burglary and one count of misdemeanor theft. Anderson subsequently agreed to plead guilty to one count of burglary in exchange for the State dismissing the other counts, and a joint recommendation that he be sentenced to 10 years with the Department of Corrections with an additional recommendation that he complete boot camp. The court accepted Anderson's guilty plea, ordered a presentence investigation and scheduled a sentencing hearing for May of 1997. Anderson did not appear for the sentencing hearing and was arrested on a bench warrant in September of 1997.

¶6      After his arrest, Anderson filed a motion to withdraw his guilty plea followed, in January of 1998, by notice to the court that he no longer wished to withdraw his guilty plea. The District Court sentenced Anderson to 10 years with the Department of Corrections with a recommendation that he complete boot camp.

¶7      Anderson successfully completed boot camp and, in December of 1999, moved for a reduction in his sentence. The following month, the District Court granted Anderson's motion and sentenced him to 10 years, all suspended on conditions. In January of 2001, the State petitioned for revocation of Anderson's suspended sentence based on a report of violation prepared by his probation officer at that time, Nikki Pearson (Pearson). In her report, Pearson noted that since Anderson first started probation in 1994, he has been convicted of three additional felonies, has twice been to prison, has been through an intensive boot camp program and has had his probation revoked twice. She also observed that, overall, Anderson's adjustment to supervision has been "appalling." The court revoked Anderson's suspended sentence in March of 2001, and then reinstated the same sentence in accordance with recommendations from Anderson and the State.

¶8      The present action arises out of the State's petition, in June of 2001, to revoke Anderson's suspended sentence. The State based its petition on violations of the terms and conditions of Anderson's suspended sentence, including changing his residence without permission, failing to maintain employment, and failing to perform 100 hours of community service at a rate of 10 hours per month. In the report of violation which served as the basis for the State's petition, Rita Frost (Frost), Anderson's probation officer at the time, noted that

3

Anderson has continued to manipulate the system and his recent behavior suggests that his time in boot camp and pre-release and on probation/parole has had little effect on him. She further noted that he had, through his own actions, rendered supervision in the community ineffective. After an evidentiary hearing which included testimony from Frost, Anderson's girlfriend and Anderson, the District Court revoked Anderson's suspended sentence on a finding that he had violated its terms and sentenced him to the Department of Corrections for 10 years with 6 suspended. Anderson appeals.

## DISCUSSION

¶9    1.   Did the District Court err in finding Anderson had violated the terms and conditions of his suspended sentence and in revoking that sentence?

¶10    "The standard for revoking a suspended sentence requires that the district court be reasonably satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty." *State v. Richardson*, 2000 MT 72, ¶ 10, 299 Mont. 102, ¶ 10, 997 P.2d 786, ¶ 10 (citation omitted). Pursuant to § 46-18-203(6), MCA, the State need only prove a violation of the terms and conditions of the suspended sentence by a preponderance of the evidence. *Richardson*, ¶ 10. We review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion. *Richardson*, ¶ 8 (citation omitted).

¶11    The State's petition to revoke Anderson's suspended sentence was based on the allegations in Frost's report of violation. Frost's report indicated Anderson changed his residence without permission, failed to maintain employment and failed to perform 100 hours

4

of community service at the rate of 10 hours per month; her testimony at the revocation hearing established those violations of the terms and conditions of Anderson's suspended sentence. In addition, Anderson conceded he was not employed when the revocation proceedings were initiated and had not completed the community service requirement set forth as a condition of his suspended sentence. We have held that one violation of the terms of a suspended sentence is sufficient to support a district court's revocation of a suspended sentence. *Richardson*, ¶ 16 (citation omitted).

¶12 Anderson contends, however, that his failures to comply with maintaining employment and performing community service do not rise to a level which supports revocation. Anderson argues that he was only temporarily unemployed when the revocation proceedings were initiated because he had been laid off and that he had completed several hours of community service as a little league coach, although those hours were never approved by his probation officer. Anderson further contends that *State v. Lundquist* (1992), 251 Mont. 329, 825 P.2d 204, required the District Court to deny the State's petition to revoke in this case. *Lundquist*, however, is readily distinguishable from the present case.

¶13 The defendant in *Lundquist* was subject to thirteen separate terms and conditions of probation and his suspended sentence was revoked for failure to comply with a single term which required him to undergo a sexual offender evaluation by Dr. Scolatti and participate in sexual offender counseling. *Lundquist*, 251 Mont. at 330, 331, 825 P.2d at 205. Over the course of his treatment, Lundquist attended seventy-six group therapy sessions and thirteen individual sessions with Dr. Scolatti, driving 150 miles, round trip, to attend each session.

5

Despite Lundquist's payment of $2,450 in counseling fees, Dr. Scolatti eventually terminated him from the sexual offender program for failing to develop a payment schedule for an outstanding balance of $1,260. *Lundquist*, 251 Mont. at 330, 331, 825 P.2d at 205. Six months after Lundquist was removed from the program, Dr. Scolatti advanced Lundquist's failure to participate in the written portion of the program as further grounds for his termination. *Lundquist*, 251 Mont. at 332, 825 P.2d at 206.

¶14 During Lundquist's revocation hearing, he introduced evidence demonstrating that his gross income for the previous year was only $6,713 and testified that he had paid $2,450 in counseling fees and $540 in restitution to his victim. *Lundquist*, 251 Mont. at 332, 825 P.2d at 206. Dr. Scolatti testified that Lundquist may have legitimately refused to participate in the written portion of the program as a result of his religious beliefs. *Lundquist*, 251 Mont. at 332, 825 P.2d at 206. We concluded that, to the extent the district court's revocation of Lundquist's suspended sentence was based on his failure to pay counseling fees in full, the revocation was unreasonable in light of the evidence establishing Lundquist's low income and the fees already paid. To the extent the revocation rested on Lundquist's reasonable expression of his religious beliefs, it appeared to infringe on his right to free exercise of religion. We also noted that Lundquist had complied, for 18 months, with the only condition of probation he was accused of violating, had not been removed from the community for over 6 months after being terminated from the sexual offender program and had no prior criminal history. *Lundquist*, 251 Mont. at 332, 333, 825 P.2d at 206, 207.

6

¶15 Unlike the facts in *Lundquist*, Anderson has a history of violating the terms and conditions of his suspended sentence. Indeed, the court had revoked his suspended sentence--and then reinstated it--just six months prior to the petition filed in the present action, based on numerous violations of its terms and conditions. In addition, unlike Lundquist, Anderson has a significant criminal history and has been convicted of three additional felonies since he first began probation in 1994. Finally, the record before us here reflects Anderson's failure to comply with a number of terms and conditions of his suspended sentence and, indeed, Anderson admitted he had completed only 4 hours of community service since 1998 and paid only $275 of a total $1,805 due in restitution since 1997.

¶16 Accordingly, we hold the District Court did not err in finding Anderson had violated the terms and conditions of his suspended sentence and did not abuse its discretion in revoking that sentence.

¶17 2. Did the District Court err in failing to enter findings of fact regarding the sentence imposed on Anderson upon revocation of his suspended sentence?

¶18 Anderson contends that the District Court's stated reason for revoking his suspended sentence and resentencing him to the Department of Corrections for 10 years with 6 suspended is insufficient. He correctly contends, pursuant to § 46-18-102(3)(b), MCA, that the judge must clearly state, for the record, the reasons for imposing sentence at the time of sentencing. Acknowledging that a combination of the court's oral and written statements is sufficient to satisfy the requirement for clearly stated reasons for the sentence *(Richardson,* ¶ 15), Anderson contends that the District Court did not sufficiently state its reasons for his

7

sentence either orally at the time of sentencing, in its written order, or via a combination of the oral and written statements.

¶19 "Once a violation of the terms or conditions of a suspended sentence has been established, the inquiry at a revocation hearing is whether the purposes of rehabilitation are being achieved and whether those purposes are best served by continued liberty or incarceration." *Richardson*, ¶ 17 (citation omitted). In the present case, the District Court did not engage in any analysis or reasoning on the record regarding an appropriate sentence for Anderson in light of his rehabilitation prospects. Indeed, the District Court's only stated reason for sentencing Anderson to the Department of Corrections for 10 years with 6 suspended was that the State recommended it.

¶20 The rule requiring a district court to record its reasons when imposing sentence complies with basic fairness by acknowledging a defendant's right to be informed of the reasons for his sentence and facilitates review by this Court and the Sentence Review Board. *See State v. Krantz* (1990), 241 Mont. 501, 505, 788 P.2d 298, 301 (citation omitted). In the present case, we conclude the District Court's stated reason for resentencing Anderson to the Department of Corrections for 10 years with 6 suspended--namely, that it was the State's recommendation--neither informs Anderson of the reasons underlying his sentence nor provides guidance for review. Accordingly, this case must be remanded for resentencing and the entry of findings sufficient to support the sentence imposed upon revocation of Anderson's suspended sentence.

¶21 Affirmed in part and remanded for further proceedings consistent with this opinion.

8

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE