No. 02-310

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 308

STATE OF MONTANA,

Plaintiff and Respondent,

v.

LINDA WELLING,

Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Deputy Public Defender, Great Falls, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; James B. Wheelis,
Assistant Attorney General, Helena, Montana

Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: October 10, 2002

Decided:  December 12, 2002

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    On January 14, 1991, the Defendant, Linda Welling, pled guilty to issuing a bad check  (common scheme) in violation of § 45-6-316, MCA (1989), and on February 13, 1991, received a five-year deferred sentence on several conditions, including that she pay restitution in the amount of $5,252.36.  In January of 1996, her deferred sentence was revoked and reinstated for a period of six years.  On or about December 27, 2001, the State filed a petition to revoke Welling's probation for non-payment of restitution.  The District Court for the Eighth Judicial District in Cascade County found that Welling violated the terms of her probation requiring payment of restitution, found mitigating circumstances, and ordered that her deferred sentence be extended two years.  Welling appeals the District Court's order.  We reverse the Order of the District Court.

¶2    The issue on appeal is whether the District Court abused its discretion when it extended Welling's deferred sentence for two years.

FACTUAL AND PROCEDURAL BACKGROUND

¶3    Welling received a five-year deferred sentence on February 13, 1991, after she pled guilty to one count of issuing a bad check (common scheme), a felony in violation of § 45-6-316, MCA (1989).  As a condition of her deferred sentence, the District Court ordered that she pay statutory fees and $5,252.36 as restitution to her victims within five years.

¶4    On August 25, 1995, Welling's probation officer reported that since April 1, 1991, Welling had made no payments.  Welling

2

admitted that she had failed to pay restitution. The District Court revoked her deferred sentence and then reinstated her deferred sentence for six more years. The District Court added additional terms to her original deferred sentence which required that Welling pay a minimum of $10.00 per month until the contract on her residence was paid off, or until January 11, 1999, (whichever came sooner). Thereafter, she was ordered to pay $250 per month until the restitution obligation was satisfied.

¶5 From January 11, 1996, until December 27, 2001, Welling paid restitution in the total amount of $780. On December 27, 2001, the State petitioned for revocation of her deferred sentence.

¶6 Along with its report of a probation violation, the State submitted information regarding Welling's financial situation, family situation, and her inability to work. Welling is a single mother and it is undisputed that since October of 1999, she has been unable to work as a result of "cervicothoracic strain and cervicogenic headaches," which result from injuries she sustained in October of 1999. Since October 2000, Welling's total income has been $220 per month which she receives as workers' compensation disability benefits. Welling's last restitution payment was made on September 14, 2000, when she made a $100.00 payment. Patricia Woolridge, a state probation and parole officer, testified that Welling's physician had documented her inability to work since October of 1999; that aside from the money, Welling had been a model probationer; and, that prior to her injury, Welling had been making fairly substantial payments for restitution.

3

¶7 The District Court concluded that Welling violated her probation. However, it found that Welling had been a model probationer and there were mitigating circumstances and extended the restitution period for two years during which her monthly obligation was reduced to $10 per month.

## STANDARD OF REVIEW

¶8 We review a district court's decision to revoke a probationary sentence to determine whether the court abused its discretion. *State v. Anderson*, 2002 MT 92, ¶ 10, 309 Mont. 352, ¶ 10, 46 P.3d 625, ¶ 10. Before a district court can revoke a suspended sentence, it must be reasonably satisfied that the probationer's conduct has not been what she agreed it would be if she were given liberty. *State v. Richardson*, 2000 MT 72, ¶ 10, 299 Mont. 102, ¶ 10, 997 P.2d 786, ¶ 10.

## DISCUSSION

¶9 Did the District Court abuse its discretion when it extended Welling's deferred sentence for two years?

¶10 The District Court concluded that Welling violated the restitution condition of her probation, and extended the probation period for two years, and required that Welling pay at least $10 per month during that period.

¶11 Welling contends that the District Court abused its discretion when it extended her deferred sentence. She further contends that the District Court abused its discretion by disregarding § 46-18-203(6), MCA, which provides that a failure to pay restitution is excused when the probationer has made a good faith effort to make payments.

¶12 The State contends that the District Court did not abuse its discretion and that excusing Welling from her duty to pay restitution would result in a "windfall" to her at the expense of her victims. The State notes that Welling may soon receive a lump sum workers' compensation settlement from which she could pay the remaining restitution and that the District Court did not abuse its discretion when it took this fact into consideration.

¶13 Section 46-18-203(6), MCA, provides:

> At the hearing, the prosecution shall prove, by a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended or deferred sentence. *However, when a failure to pay restitution is the basis for the petition, the offender may excuse the violation by showing sufficient evidence that the failure to pay restitution was not attributable to a failure on the offender's part to make a good faith effort to obtain sufficient means to make the restitution payments as ordered.* [Emphasis added.]

Section 46-18-247(2), MCA, provides that: "[i]f the court finds that the offender's default was attributable to the offender's failure to make a good faith effort to obtain the necessary funds for payment of the ordered restitution, the court may take any action provided for in 46-18-203." Section 46-18-203, MCA, provides for the revocation of deferred sentences.

¶14 It is undisputed that Welling is a single mother with a monthly income of $220; that prior to her injury she had made substantial efforts to pay restitution and that she has otherwise been a model probationer.

¶15 Based on these facts, we conclude that Welling provided sufficient evidence that her failure to pay restitution was not caused by her lack of a good faith effort to obtain the means to

5

make those payments, and that her income was insufficient to make even the $10 monthly payment which Welling's probation officer was apparently willing to accept. Therefore, we conclude that the District Court abused its discretion when it did not excuse Welling's failure to pay restitution pursuant to § 46-18-203(6), MCA.

¶16 We find no merit in the State's argument that Welling will receive a "windfall" because she will be excused from paying restitution if her sentence expires before she receives her workers' compensation settlement. First, disability benefits are, at most, partial compensation for the loss of earning capacity caused by a work-related disability and by no means a "windfall." Second, § 46-18-249(1), MCA, provides:

> The total amount that a court orders to be paid to a victim may be treated as a civil judgment against the offender and may be collected by the victim *at any time, including after state supervision of the offender ends*, using any method allowed by law, including execution upon a judgment, for the collection of a civil judgment. [Emphasis added.]

In addition, § 46-18-241(1), MCA, provides that "[t]he duty to pay full restitution under the sentence remains with the offender until full restitution is paid," effectively eliminating any statute of limitations for recovery of the amount due. Welling has not received a "windfall:" she is still civilly liable for her past wrongs and her victims may still recover for their losses, regardless of when she acquires the ability to make payment.

¶17 For these reasons, the District Court's order extending Linda Welling's deferred sentence for two years is reversed.

6

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

Justice James C. Nelson specially concurs:

¶18   I concur in the result of our Opinion, although I would reach that result in a different manner on the basis of various sentencing, revocation and dispositional orders in the record.

¶19   The trial court's original sentence dated February 13, 1991, deferred Welling's sentencing for five years.  Under § 46-18-201(2), MCA (1989), six years was the maximum deferral allowed.  Accordingly, the six years would have run February 12, 1997.  The court's January 11, 1996 Disposition revoked the first deferred and reinstated a deferral for six years --again, the maximum under § 46-18-201(3), MCA (1995).  Theoretically, this was permissible for the reasons set out hereafter.  This new six-year period would have run January 10, 2002.

¶20   The next petition to revoke was timely filed in December 2001 (§ 46-18-203(2), MCA (2001)).  In the court's April 4, 2002 Dispositional Order on that petition, the court found that Welling violated the terms of her deferred imposition of sentence; and that "[Welling] stated no legal reason why *sentence* should not be pronounced . . . ."  The court then stated that Welling's deferred imposition of sentence was "extended" for two years and that the "reason for this *sentence* is . . . mitigating circumstances. . . ." Assuming the validity of the additional two years, that means the new deferred sentence would have run April  3, 2004.

¶21  While we may disagree as to the effect of the unartful language used by the trial judge--i.e., whether he actually "revoked" her deferred or not and then, imposed a "sentence," but

8

putting the best spin on its language from the court's standpoint--what the court did was to effectively revoke Welling's deferred status and then once again defer imposing a sentence for two years.

¶22 Next, it is necessary to focus on § 46-18-203(7)(a), MCA (2001), which provides:

> If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may:
> (i)  continue the suspended or deferred sentence without a change in conditions;
> (ii)  continue the suspended sentence with modified or additional terms and conditions;
> (iii)  revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence; or
> (iv)  if the sentence was deferred, impose any sentence that might have been originally imposed.

¶23 Applying § 46-18-203(7)(a), MCA (2001), if the trial court finds that the defendant violated the terms of the deferred sentence--which undisputedly the judge did here--then his options are limited.  Under subsection (7)(a)(i) he could continue the deferred sentence without a change in conditions.  The court did not do this in Welling's case.  Rather, it "extended" the deferred by two years.  Subsections (7)(a)(ii) and (iii) apply only to suspended sentences.  And under subsection (7)(a)(iv) the judge could impose any sentence that might have been originally imposed.

¶24 Setting aside the fact that "deferring" sentencing is *not* imposing a sentence, but rather, setting that off to another time--§ 46-18-201(1), MCA, allows the judge, as one of the statutorily authorized sentences, to defer imposition of sentence for various periods of time.  In other words, the judge could revoke one

9

deferred sentence and impose another deferred sentence (as did the Judge in 1996). There is, however, no authority in the code that allows the judge to "extend" the term of an existing deferred sentence as a permissible result of finding that the defendant violated the terms of his or her prior deferral. This is especially true where the "extension" would extend the deferral beyond the six-year maximum allowed by law.

¶25 Accordingly, we must resolve this case in one of two ways: (a) either we must conclude that the judge revoked Welling's 1996 deferred and then reimposed a second two-year deferred--in which case the prohibition against revocation in § 46-18-203(6), MCA, would become applicable with the result that the judge improperly revoked Welling's probation; or (b) we must conclude that in extending an existing deferred, the judge entered an illegal sentence--in which event the sentence must be vacated. In either case, since Welling had made a good faith attempt to pay restitution and since the deferral time has now run well past the six years allowed by law as a result of the January 1996 deferral, the State can no longer petition to revoke. Section 46-18-203(2), MCA.

¶26 For these reasons the judgment against Welling must be reversed and the proceedings against her dismissed. Our Opinion having reached that same result, I concur.

/S/ JAMES C. NELSON

Chief Justice Karla M. Gray joins in the foregoing special concurrence.

10

/S/ KARLA M. GRAY