JUSTICE TRIEWEILER
delivered the Opinion of the Court.
¶1 On January 14,1991, the Defendant, Linda Welling, pled guilty to issuing a bad check (common scheme) in violation of § 45-6-316, MCA (1989), and on February 13,1991, received a five-year deferred sentence on several conditions, including that she pay restitution in the amount of $5,252.36. In January of 1996, her deferred sentence was revoked and reinstated for a period of six years. On or about December 27,2001, the State filed a petition to revoke Welling’s probation for non-payment of restitution. The District Court for the Eighth Judicial District in Cascade County found that Welling violated the terms of her probation requiring payment of restitution, found mitigating circumstances, and ordered that her deferred sentence be extended two years. Welling appeals the District Court’s order. We reverse the Order of the District Court.
¶2 The issue on appeal is whether the District Court abused its discretion when it extended Welling’s deferred sentence for two years.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 Welling received a five-year deferred sentence on February 13, 1991, after she pled guilty to one count of issuing a bad check (common scheme), a felony in violation of § 45-6-316, MCA (1989). As a condition of her deferred sentence, the District Court ordered that she pay statutory fees and $5,252.36 as restitution to her victims within five years.
¶4 OnAugust25,1995, Welling’s probation officer reported that since April 1, 1991, Welling had made no payments. Welling admitted that she had failed to pay restitution. The District Court revoked her deferred sentence and then reinstated her deferred sentence for six more years. The District Court added additional terms to her original *69 deferred sentence which required that Welling pay a minimum of $10.00 per month until the contract on her residence was paid off, or until January 11, 1999, (whichever came sooner). Thereafter, she was ordered to pay $250 per month until the restitution obligation was satisfied.
¶5 From January 11, 1996, until December 27, 2001, Welling paid restitution in the total amount of $780. On December 27, 2001, the State petitioned for revocation of her deferred sentence.
¶6 Along with its report of a probation violation, the State submitted information regarding Welling’s financial situation, family situation, and her inability to work. Welling is a single mother and it is undisputed that since October of 1999, she has been unable to work as a result of “cervicothoracic strain and cervicogenic headaches,” which result from injuries she sustained in October of 1999. Since October 2000, Welling’s total income has been $220 per month which she receives as workers’ compensation disability benefits. Welling’s last restitution payment was made on September 14, 2000, when she made a $100.00 payment. Patricia Woolridge, a state probation and parole officer, testified that Welling’s physician had documented her inability to work since October of 1999; that aside from the money, Welling had been a model probationer; and, that prior to her injury, Welling had been making fairly substantial payments for restitution.
¶7 The District Court concluded that Welling violated her probation. However, it found that Welling had been a model probationer and there were mitigating circumstances and extended the restitution period for two years during which her monthly obligation was reduced to $10 per month.
STANDARD OF REVIEW
¶8 We review a district court’s decision to revoke a probationary sentence to determine whether the court abused its discretion. State v. Anderson, 2002 MT 92, ¶ 10, 309 Mont. 352, ¶ 10, 46 P.3d 625, ¶ 10. Before a district court can revoke a suspended sentence, it must be reasonably satisfied that the probationer’s conduct has not been what she agreed it would be if she were given liberty. State v. Richardson, 2000 MT 72, ¶ 10, 299 Mont. 102, ¶ 10, 997 P.2d 786, ¶ 10.
DISCUSSION
¶9 Did the District Court abuse its discretion when it extended Welling’s deferred sentence for two years?
¶10 The District Court concluded that Welling violated the restitution condition of her probation, and extended the probation period for two *70 years, and required that Welling pay at least $10 per month during that period.
¶11 Welling contends that the District Court abused its discretion when it extended her deferred sentence. She further contends that the District Court abused its discretion by disregarding § 46-18-203(6), MCA, which provides that a failure to pay restitution is excused when the probationer has made a good faith effort to make payments.
¶12 The State contends that the District Court did not abuse its discretion and that excusing Welling from her duty to pay restitution would result in a “windfall” to her at the expense of her victims. The State notes that Welling may soon receive a lump sum workers’ compensation settlement from which she could pay the remaining restitution and that the District Court did not abuse its discretion when it took this fact into consideration.
¶13 Section 46-18-203(6), MCA, provides:
At the hearing, the prosecution shall prove, by a preponderance of the evidence, that there has been a violation of the terms and conditions of the suspended or deferred sentence. However, when a failure to pay restitution is the basis for the petition, the offender may excuse the violation by showing sufficient evidence that the failure to pay restitution was not attributable to a failure on the offender’s part to make a good faith effort to obtain sufficient means to make the restitution payments as ordered. [Emphasis added.]
Section 46-18-247(2), MCA, provides that: “[i]f the court finds that the offender’s default was attributable to the offender’s failure to make a good faith effort to obtain the necessary funds for payment of the ordered restitution, the court may take any action provided for in 46-18-203.” Section 46-18-203, MCA, provides for the revocation of deferred sentences.
¶14 It is undisputed that Welling is a single mother with a monthly income of $220; that prior to her injury she had made substantial efforts to pay restitution and that she has otherwise been a model probationer.
¶15 Based on these facts, we conclude that Welling provided sufficient evidence that her failure to pay restitution was not caused by her lack of a good faith effort to obtain the means to make those payments, and that her income was insufficient to make even the $10 monthly payment which Welling’s probation officer was apparently willing to accept. Therefore, we conclude that the District Court abused its discretion when it did not excuse Welling’s failure to pay restitution pursuant to § 46-18-203(6), MCA.
¶16 We find no merit in the State’s argument that Welling will *71 receive a “windfall” because she will be excused from paying restitution if her sentence expires before she receives her workers’ compensation settlement. First, disability benefits are, at most, partial compensation for the loss of earning capacity caused by a work-related disability and by no means a “windfall.” Second, § 46-18-249(1), MCA, provides:
The total amount that a court orders to be paid to a victim may be treated as a civil judgment against the offender and may be collected by the victim at any time, including after state supervision of the offender ends, using any method allowed by law, including execution upon a judgment, for the collection of a civil judgment. [Emphasis added.]
In addition, § 46-18-241(1), MCA, provides that “[t]he duty to pay full restitution under the sentence remains with the offender until full restitution is paid,” effectively eliminating any statute of limitations for recovery of the amount due. Welling has not received a “windfall:” she is still civilly liable for her past wrongs and her victims may still recover for their losses, regardless of when she acquires the ability to make payment.
¶17 For these reasons, the District Court’s order extending Linda Welling’s deferred sentence for two years is reversed.
JUSTICES COTTER and LEAPHART concur.