DA 11-0130

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 7N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JAKEB JARON DON SMITH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 07-74
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Joslyn Hunt, Chief Appellate Defender; Jennifer A. Hurley,
                Assistant Appellate Defender; Helena, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General; C. Mark Fowler,
                Assistant Attorney General; Helena, Montana

                William E. Fulbright, Ravalli County Attorney; Hamilton, Montana

Submitted on Briefs:  December 21, 2011

Decided:   January 17, 2012

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On August 29, 2007, Jakeb Jaron Don Smith pleaded guilty to felony criminal mischief and two misdemeanor offenses. On October 17, 2007, the District Court sentenced Smith to serve five days in jail for the misdemeanors and entered a three-year deferred sentence on the felony conviction. In 2010, the State filed two petitions for revocation of the deferred sentence. Smith ultimately admitted to the State's allegations stemming from two separate infractions: failing to report to his probation officer and felony charges in Idaho for eluding a police officer.

¶3      At the time of the disposition hearing on December 22, 2010, Smith had served a combined total of 320 days in jail on the revocation petition and the Idaho charges. The defense recommended two years' imprisonment with credit for time served. Counsel for the State recommended a five-year commitment to the Department of Corrections with two years suspended. Both defense counsel and counsel for the State noted Smith's past issues with chemical dependency and the need for time in a pre-release center. During the hearing, the State recommended a sentence with sufficient time (after the court applied credit for time served), to accommodate Smith's participation in chemical dependency treatment and pre-release, in order to fulfill "the intent of the judgment."

¶4      The court imposed a commitment of five years with two years suspended "on the same conditions as the existing Judgment." The court further recommended Smith be screened for placement in chemical dependency treatment and/or a pre-release center. During its oral

2

imposition of sentence, the court stated no reasons for the sentence. The court's written judgment provided, "[t]he reasons for the sentence imposed are the Court has heard the recommendations of counsel."

¶5     Smith argues his sentence was illegally based on his indigence, since the court increased the term to give credit for the lengthy jail time while imposing sufficient time for completion of chemical dependency treatment and pre-release. Smith claims this is fundamentally unfair because an individual who could afford bail would not face such an extension.

¶6     Smith's argument is unavailing. Section 46-18-101(3)(c), MCA, provides that "sentencing practices must be neutral with respect to . . . economic status." A district court cannot use poverty "as a touchstone for imposing the maximum allowable punishment." *State v. Farrell*, 207 Mont. 483, 499, 676 P.2d 168, 177 (1984). However, we presume the district court is correct in its sentencing decisions and we "will not strain at worst-case assumptions in order to find a mistake." *State v. Petroff*, 232 Mont. 20, 23, 757 P.2d 759, 761 (1988). We find no impermissible link between the sentence and Smith's indigence. The sentence here falls well below the statutory maximum penalty of a $50,000 fine and up to 10 years' imprisonment or both. Section 45-6-101(3), MCA. The fact the court considered the length of time it would take for Smith to complete rehabilitative programs does not support Smith's assertions his alleged indigence was a factor in determining the sentence. Smith's inability to comply with the conditions of his first suspended sentence, not his economic status, led to his current sentence.

¶7     We agree, however, with Smith's contention that remand is required for a sufficient statement of reasons for the sentence. Section 46-18-102(3)(b), MCA, requires that "[w]hen the sentence is pronounced, the judge shall clearly state for the record the reasons for imposing the sentence." In *State v. Anderson*, 2002 MT 92, ¶ 20, 309 Mont. 352, 46 P.3d 625, we concluded

the district court's sole reason for imposing the sentence—that the State recommended it—was insufficient because it failed to inform Anderson of the reasons underlying the sentence and did not provide guidance for review.

¶8      The District Court's statement of reasons in Smith's written judgment is indistinguishable from that rejected in *Anderson*.  Although this Court has upheld minimal statements of sentencing reasons, we have done so when the statements at least inform the defendant of the reasons for the sentence.  *State v. Branham*, 2012 MT 1, ¶ 27, ___ Mont. ___, ___ P.3d ___; *State v. Krantz*, 241 Mont. 501, 505, 788 P.2d 298, 301 (1990).

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  Having reviewed the briefs and the record on appeal, we conclude the appellant has not met his burden of persuasion that his sentence was illegally based on his indigence.  On the basis of *Anderson*, we remand to the District Court to provide a statement of the reasons for imposing its sentence in accordance with § 46-18-102(3)(b), MCA.


                                        /S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON


4