FILED

01/16/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0187

DA 17-0187

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 11N

RAYMOND EVA,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
                      In and For the County of Butte/Silver Bow, Cause No. DV-16-411
                      Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Raymond Eva, self-represented; Great Falls, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler,
            Assistant Attorney General; Helena, Montana

            Eileen Joyce, Butte-Silver Bow County Attorney; Butte, Montana

                      Submitted on Briefs:  October 11, 2017

                                Decided:  January 16, 2018

Filed:

                                _____
                                        Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, we decide this case by memorandum opinion, which shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Raymond Eva (Eva) appeals the order of the Montana Second Judicial District Court, Silver Bow County, denying and dismissing his petition for postconviction relief. We affirm.

¶3 On May 26, 2004, Eva pled guilty to two counts of Sexual Intercourse Without Consent and two counts of felony Sexual Assault. The District Court sentenced him to concurrent thirty-year terms of commitment to Montana State Prison (MSP) on each offense, with twenty years suspended. After serving nine years, Eva discharged on September 13, 2013, to serve the suspended portion of his concurrent sentences on supervised probation.

¶4 On December 7, 2015, Eva's supervising probation officer filed a Report of Violation alleging that Eva violated the terms of his probation by: (1) associating with a known offender without permission; (2) communicating with minors via social media; (3) having sexual contact with three juveniles; (4) viewing pornography on a smart phone and computer; and (5) being terminated from required sex offender treatment. At his answer hearing on May 19, 2016, Eva admitted to all allegations except for the alleged sexual contact with a 15-year-old boy. *Inter alia*, Eva admitted to opening his home to his friend and fellow probationer, Anthony Valenzuela; communicating with persons on social

2

media who he later discovered to be minors; having sexual contact with two male juveniles aged 16 and 17 years; and viewing certain pornographic materials on a computer and cell phone. Based on these admissions, the District Court revoked the suspended portion of Eva's sentences and resentenced him to MSP for the remainder of the thirty-year concurrent terms on each of his felony convictions.

¶5 On November 29, 2016, Eva filed a petition for postconviction relief together with a request for appointment of counsel. As grounds for his petition, Eva alleged that: (1) probation officers illegally searched his home; (2) he received ineffective assistance of counsel regarding his probation revocation proceeding based on counsel's failure to move for suppression of pornography seized from his home, failure to assert that Eva was not in possession of the pornography because officers found it on only on Valenzuela's computer and phone, and failure to obtain copies of the pornography prior to sentencing; (3) the State illegally failed to disclose benefits allegedly provided to State's witnesses in return for their testimony against Eva; (4) the District Court illegally altered his sentence by changing his Department of Corrections (DOC) commitment to an MSP commitment; and (5) his revocation and resentencing constituted double jeopardy. Pursuant to § 46-21-201(1)(a), MCA, the District Court ordered a State response to Eva's petition. Upon consideration of Eva's petition and the State's response, the District Court denied and dismissed the petition without a hearing on the ground that the petition failed to sufficiently state a cognizable claim for postconviction relief by a preponderance of the evidence. Eva timely appeals. We affirm.

¶6 The standard of review of a district court's denial of a postconviction petition is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667; *Hirt v. State*, 2009 MT 116, ¶ 24, 350 Mont. 162, 206 P.3d 908. We review discretionary decisions, including rulings as to whether to conduct an evidentiary hearing, for an abuse of discretion. *Marble v. State*, 2015 MT 242, ¶ 13, 380 Mont. 366, 355 P.3d 742; *Beach*, ¶ 14. Ineffective assistance of counsel claims present mixed questions of fact and law reviewed de novo for correctness. *Hirt*, ¶ 24.

¶7 A person convicted "of an offense in a court of record who has no adequate remedy of appeal and claims" that his conviction occurred in violation of a constitutional right or that the person was subject to an improper revocation, or received an illegal sentence, may petition the court to vacate or correct the judgment of conviction or sentencing order. Sections 46-21-101(1) and -103, MCA. The petitioner has the burden of showing that the asserted facts warrant the requested relief by a preponderance of the evidence. *Heath v. State*, 2009 MT 7, ¶ 16, 348 Mont. 361, 202 P.3d 118; *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473; *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. To that end, the petitioner must assert postconviction claims by verified petition:[1] (1) "clearly set[ting] forth the alleged violation"; (2) specifically "identify[ing] all facts supporting the [asserted] grounds for relief set forth in the petition" with "attached

---

[1] A verified pleading is a pleading wherein the deponent of the facts asserted therein attests by sworn affidavit that those facts are "true to the knowledge of the deponent, except as to the matters stated in the affidavit on information and belief" to which "the deponent believes . . . to be true." Section 25-4-201, MCA.

affidavits, records, or other evidence establishing the existence of those facts"; and (3) "accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities." Sections 46-21-103 and -104(1)(a), (c) and (2), MCA.[2] Unsupported conclusory allegations of fact and law are insufficient. *See Herman v. State*, 2006 MT 7, ¶ 49, 330 Mont. 267, 127 P.3d 422; *Ellenburg*, ¶ 16.[3] A postconviction petition is subject to summary dismissal for non-compliance with these threshold requirements or if the petition and court record "conclusively show that petitioner is not entitled to relief." *Herman*, ¶¶ 15, 38; *see also* §§ 46-21-104 and -201(1)(a), MCA.

¶8 If the petition and court record do not "conclusively show that the petitioner is not entitled to relief," the court must order the State to file a responsive pleading. Section 46-21-201(1)(a), MCA.[4] Upon review of the petition, State's response, and court record, "the court may then dismiss the petition as a matter of law for failure to state a claim for relief" by a preponderance of the evidence. Section 46-21-201(1)(a), MCA; *Herman*, ¶¶ 38, 45, 49.[5] The court may conduct a hearing to "to determine the issue" but a hearing

---

[2] The supporting brief or memorandum must include all pertinent legal citations, legal arguments, and legal analysis supporting the asserted violation(s). *Herman v. State*, 2006 MT 7, ¶ 19, 330 Mont. 267, 127 P.3d 422.

[3] *See also Herman*, ¶ 22 (court has no obligation to consider unsupported arguments, locate pertinent legal authority, or formulate pertinent legal arguments).

[4] *See also Herman*, ¶ 15 (recognizing court discretion to order State response in any event).

[5] The liberal pleading standards of M. R. Civ. P. 12(b)(6) do not apply to dismissal of a postconviction petition for "failure to state a claim" under § 46-21-201(1)(a), MCA, because (1) the more demanding pleading requirements of § 46-21-104, MCA, significantly exceed the notice pleading requirements of M. R. Civ. P. 12(b)(6) and because § 46-21-201(1)(a), MCA, specifically authorizes the court to review the record in assessing the legal sufficiency of a postconviction claim. Section 46-21-201(1)(c), MCA; *Herman*, ¶¶ 41-45; *Ellenburg*, ¶¶ 11-12.

is not required except under "unique circumstances" where necessary to resolve genuine issues of non-record material fact manifest on the face of the pleadings and court record. Section 46-21-201(1)(a) and (5), MCA; *Heath*, ¶¶ 21-24; *Herman*, ¶¶ 38, 49-51; *Cobell*, ¶ 12.[6]

¶9 Here, Eva's asserted claims of ineffective assistance of counsel and the State's unlawful failure to disclose benefits allegedly provided to the State's witnesses are fact-dependent claims. However, Eva did not file a verified petition as required by § 46-21-103, MCA, and did not support his petition with affidavits, records, or other evidence as required by § 46-21-104(1)(c), MCA. Eva's petition is similarly devoid of legal analysis and supporting authority demonstrating that probation officers illegally searched his home, that the District Court improperly revoked his sentence or imposed an illegal sentence on resentencing, or that the revocation and resentencing constituted constitutional double jeopardy. Thus, Eva's petition was subject to summary dismissal due to non-compliance with the requirements of §§ 45-21-103 and -104, MCA.

¶10 Aside from these fatal pleading deficiencies, the District Court noted a number of material facts beyond genuine material dispute on the pleadings and the record. As to the illegal search and seizure claim, at the time of the subject search and seizure, Eva and Valenzuela were both on supervised probation, subject to search and seizure on reasonable

---

[6] *See also Heath*, ¶ 27 (postconviction relief may "not serve as a broad discovery device" with which to endeavor upon "a 'fishing expedition' in an attempt to establish" grounds for postconviction relief).

suspicion of a probation violation.[7] When they conducted the probation search of Eva's home, and then seized and searched the computer and phones found therein, the probation officers were acting on information that Eva had been attending parties and providing alcohol to minors in violation of his probation. Any assertion by Eva to the probation officers that the phone and computer belonged to Valenzuela would have constituted additional evidence that he violated his probation, *i.e.*, by associating with a fellow probationer without permission. Incident to the search, Eva voluntarily admitted to his supervising officer that he had viewed pornographic material on a phone and a computer in violation of his probation.

¶11    As to Eva's ineffective assistance claim, the District Court noted that, even presuming that counsel's performance was deficient as alleged, Eva made no factual showing that the asserted deficiency was prejudicial, as required by the second prong of the two-prong *Strickland* test for ineffective assistance claims. *See Heath*, ¶ 17 (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984) (defendant must demonstrate that reasonable possibility exists that, but for counsel's deficient performance, the result of the proceeding would have been different)).

¶12    As to the improper revocation claim, Eva voluntarily admitted to a number of probation violations other than the contested allegation. A district court may revoke a suspended sentence upon proof, by a preponderance of the evidence, that a probationer

---

[7] Probationers are subject to a lesser degree of protection (*i.e.*, a reasonable cause standard) against warrantless searches and seizures under the Fourth Amendment to the United States Constitution and Article II, Section 11 of Montana Constitution due to their diminished expectation of privacy while under supervision. *State v. Fritz*, 2006 MT 202, ¶ 10, 333 Mont. 215, 142 P.3d 806 (citing *State v. Burchett*, 277 Mont. 192, 192-95, 921 P.2d 854, 856 (1996).

7

violated a term or condition of the suspended sentence. Section 46-18-203(6)(a) and 7(a)(iii), MCA. Violation of a single term or condition of a suspended sentence is sufficient for revocation. *State v. Anderson*, 2002 MT 92, ¶ 10, 309 Mont. 352, 46 P.3d 625. Finally, as to the illegal sentence and double jeopardy claims, the court record clearly manifests that the District Court did not illegally change Eva's sentence from a DOC sentence to an MSP sentence because both his original 2004 sentence, and his 2015 resentence upon revocation, imposed concurrent MSP commitments.

¶13 A judgment of conviction is presumptively valid. *State v. Benn*, 2012 MT 33, ¶ 6, 364 Mont. 153, 274 P.3d 47. The appellant has the burden of demonstrating reversible error on appeal. *Benn*, ¶ 6. On review of the record, Eva has simply failed to meet his burden of showing that the District Court based its denial and dismissal of his postconviction petition on a clearly erroneous finding of fact, incorrect conclusion of law, or an abuse of discretion.

¶14 We decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. We hold that that the District Court correctly denied and dismissed Eva's petition for postconviction relief.

¶15 Affirmed.

/S/ DIRK M. SANDEFUR

8

We concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE